IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TRENDEX FABRICS, LTD., | ) | CIVIL NO. 13-00253 LEK-RLP |
| | ) | |
| Plaintiffs, | ) | AMENDED FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT IN PART |
| vs. | ) | AND DENY IN PART PLAINTIFF'S |
| | ) | MOTION FOR DEFAULT JUDGMENT |
| CHAD JUNG KIM (dba TROPICAL | ) | AGAINST DEFENDANT CHAD JUNG KIM |
| GROUP); JUNG GYUN KIM (dba | ) | (dba TROPICAL GROUP) |
| ALOHA NOA), | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT CHAD JUNG KIM (dba TROPICAL GROUP)[1]

The Findings and Recommendation to Grant in Part and
Deny in Part Plaintiff's Motion for Entry of Default Judgment
Against Defendant Chad Jung Kim, which was filed on October 10,
2013, is hereby re-titled and amended as follows.

Plaintiff Trendex Fabrics, Ltd. ("Trendex") filed a
Motion for Default Judgment Against Defendant Chad Jung Kim (dba
Tropical Group) on September 13, 2013 ("Motion"). ECF No. 12.
Defendant Chad Jung Kim ("Defendant") was served with a copy of
the Motion, but did not file an opposition or otherwise respond
to the Motion. See ECF No. 12-9. The Court found the Motion

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court. A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation. If no
objections are filed, no appellate review will be allowed.

suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 13.

On October 10, 2013, the Court issued its Findings and Recommendation to grant in part and deny in part Plaintiff's Motion.  ECF No. 14.  In its Findings and Recommendation, the Court allowed Plaintiff to file a supplemental declaration regarding attorneys' fees and costs.  ECF No. 18 at 17-18. Plaintiff filed a timely declaration requesting a total of $15,561.51 in attorneys' fees and $2,450.27 in costs.  See ECF No. 15, Declaration of Colin O. Miwa ("Miwa Decl.") ¶ 7.

The Court issues this Amended Findings and Recommendation, which addresses both the initial Motion and the requested attorneys' fees and costs.  After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART.

BACKGROUND

Plaintiff filed its Complaint for copyright infringement against Defendant Chad Jung Kim on May 17, 2013. ECF No. 1.  Plaintiff owns the copyrights to the following designs:

| Copyright Registration No. | Trendex Design No. |
|---|---|
| VAu 602-329 | EH-3E08R ("Vintage Ceres Design") |

2

| VAu 960-448 | CC-027R2 ("Plumeria Design") |
| VAu 503-610 | EH-2D06 ("Tapa Design") |
| VAu 497-009 | EH-2M24 ("Small Hibiscus Design") |
| VA 1-048-372 | EH-80106 ("Lanai Design") |

Compl. ¶ 8; Ex. A-E to Compl. (collectively, "Copyrighted Designs"). Plaintiff has manufactured and sold fabric and apparel bearing the Copyrighted Designs since 1999. Compl. ¶ 9. Both Plaintiff's and Defendant's principal places of business are in Hawaii. Compl. ¶¶ 1, 2. The Complaint alleges that Defendant manufacturers, distributes, and sells clothing and other items in this judicial district using fabric bearing designs that are substantially similar, if not identical, to Plaintiff's Copyrighted Designs. Compl. ¶¶ 15, 25, 38, 51, 64.

In March 2010, Defendant displayed and sold items bearing a design substantially similar, if not identical, to Plaintiff's Vintage Ceres Design. Compl. ¶ 12. Plaintiff's counsel sent a letter to Defendant in March 2010 notifying Defendant that Plaintiff owned the copyright to the Vintage Ceres Design. Ex. F to Compl. However, Defendant persisted in manufacturing, distributing, and selling clothing and other items bearing a design substantially similar to the Vintage Ceres Design. Compl. ¶ 15. On April 24, 2013, Plaintiff's counsel sent a second letter to Defendant regarding Defendant's continued acts of selling clothing bearing a design substantially similar to the Vintage Ceres Design. Ex. G to Compl.

On April 3, 2013, Defendant also displayed and sold items bearing designs substantially similar, if not identical, to Plaintiff's Plumeria Design, Tapa Design, Small Hibiscus Design, and Lanai Design. <u>See</u> Ex. H to Compl. On April 11, 2013, Plaintiff's counsel sent a letter to Defendant notifying Defendant that Plaintiff owned the copyrights to these four Copyrighted Designs and demanding that Defendant cease selling items bearing designs substantially similar to these four Copyrighted Designs. <u>Id.</u>

Plaintiff alleges that the manufacturing, distribution, or sale by Defendant of clothing and other items featuring designs that are substantially similar to Plaintiff's Copyrighted Designs constitutes copyright infringement. Compl. ¶ 13, 26, 39, 52, 65. In the Complaint, Plaintiff seeks monetary damages, an injunction, an order of impoundment of the infringing goods, an order directing Defendant to send written notices to every entity that has received infringing goods from Defendant, and attorneys' fees, and costs. <u>Id.</u> at 18-19.

The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on August 19, 2013. ECF No. 9-3. The present Motion followed.

<u>ANALYSIS</u>

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by

4

computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2).
The granting or denial of a motion for default judgment is within
the discretion of the court.  Haw. Carpenters' Trust Funds v.
Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default
does not entitle the non-defaulting party to a default judgment
as a matter of right.  Valley Oak Credit Union v. Villegas, 132
B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily
disfavored, and cases should be decided on their merits if
reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th
Cir. 1986).  The court should consider the following factors in
deciding whether to grant a motion for default judgment:

> (1)   the possibility of prejudice to the
>        plaintiff;
>
> (2)   the merits of plaintiff's substantive
>        claim;
>
> (3)   the sufficiency of the complaint;
>
> (4)   the sum of money at stake in the action;
>
> (5)   the possibility of a dispute concerning
>        material facts;
>
> (6)   whether the default was due to excusable
>        neglect; and
>
> (7)   the strong policy underlying the Federal
>        Rules of Civil Procedure favoring
>        decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint,
except those relating to the amount of damages, will be taken as

true." <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977)).   The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled.   <u>Fair Hous. of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002).   Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**A.   Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.   <u>See</u> <u>In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").   First, the Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement.   <u>See</u> 17 U.S.C. § 501; 28 U.S.C. § 1331.   Second, the Court has personal jurisdiction over Defendant because Defendant was personally served with the Summons and Complaint on

6

July 18, 2013.  Decl. of Colin O. Miwa submitted in support of the Request for Entry of Default ¶ 3; Fed. R. Civ. P. 4(e)(2)(A). The Court finds that it has both subject matter and personal jurisdiction.

### B.  <u>Eitel</u> Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the <u>Eitel</u> factors outlined above.

### 1.  The Possibility of Prejudice to Plaintiff

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered.  <u>See</u> <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery.  Accordingly, the first <u>Eitel</u> factor favors the entry of default judgment.

### 2.  Merits of Plaintiff's Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  <u>See</u> <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18; <u>Fair Hous. of Marin</u>, 285 F.3d at 906.  Here, Plaintiff brought this action against Defendant for copyright infringement.  "To establish infringement, two elements must be proven:  (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  <u>Feist Publ'ns, Inc. v. Rural Tel. Serv.</u>

7

Co., 499 U.S. 340, 361 (1991) (citation omitted); see also Rice
v. Fox Broad. Co., 330 F.3d 1170, 1174 (9th Cir. 2003).
Plaintiff can establish the second element by demonstrating that
Defendant had access to Plaintiff's work and that the two works
are substantially similar.  L.A. Printex Indus. v. Aeropostale,
Inc., 676 F.3d 841, 846 (9th Cir. 2012) (citation omitted).

        The Court finds that Plaintiff's allegations, taken as
true, are sufficient to establish that Plaintiff is entitled to
judgment against Defendant.  Plaintiff alleges ownership in the
Copyrighted Designs and attached copies of its Certificates of
Registration.  Compl. ¶ 8; Exs. A-E to Compl.  Plaintiff also
alleges that Defendant's designs are substantially similar to the
Copyrighted Designs and that Defendant had access to the
copyrighted work because both Defendant and Plaintiff have their
principal place of business in Hawaii.  Compl. ¶¶ 1, 2, 9, 11,
26, 39, 52, 64.  Accordingly, this factor weighs in favor of
default judgment.

### 3.   Sufficiency of the Complaint

        The allegations in the Complaint are sufficiently pled
and supported by the documents filed with the Motion.  The Court
finds that the sufficiency of the Complaint weighs in favor of
default judgment.

### 4.   Sum of Money at Stake

        The Court "must consider the amount of money at stake

in relation to the seriousness of Defendant's conduct." PepsiCo,
Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472).
Plaintiff seeks $750,000 in statutory damages, plus attorneys'
fees and costs.  ECF No. 12 at 18-20, 24-25.  Plaintiff's damages
request is tailored to Defendant's specific wrongful conduct in
infringing Plaintiff's copyrighted designs.  The Court finds that
this factor weighs in favor default judgment.

>        **5.   Possibility of Dispute Concerning Material Facts**

As noted above, the well-pled factual allegations of
the complaint, except those relating to the amount of damages,
will be taken as true.  TeleVideo Sys., Inc., 826 F.2d at 917-18.
Defendant has been given a fair amount of time to answer the
Complaint and deny that it infringed Plaintiff's designs;
Defendant has not done so.  Because no dispute has been raised
regarding Plaintiff's material factual allegations, the Court
finds that this factor favors default judgment.

>        **6.   Whether Default was Due to Excusable Neglect**

The Court finds that Defendant's default was not the
result of excusable neglect.  Plaintiff served Defendant on July
18, 2013.  ECF No. 7.  Defendant did not file a response to
Plaintiff's Complaint.  In addition, Plaintiff served Defendant
with notice of this Motion on September 13, 2013.  ECF No. 12-9.
Despite ample notice of this lawsuit and Plaintiff's intention to
seek a default judgment, Defendant has not appeared in this

matter to date.  The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action.  Consequently, this factor favors default judgment.

### 7.    Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendant.

### 8.    Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Defendant.

### C. Remedies

In its Motion, Plaintiff requests the following: (1) statutory damages; (2) a permanent injunction against

Defendant; (3) an order of impoundment of the infringing goods;

(4) an order requiring Defendant to send notice to any entity

that received infringing goods; and (5) attorneys' fees and

costs.  Each of Plaintiff's requested remedies is addressed

below.

### 1.  Statutory Damages

As an alternative to actual damages, Plaintiff may

elect to seek an award of statutory damages of no less than $750

and up to $30,000 per copyright infringement.  <u>See</u> 28 U.S.C.

§ 504(c)(1).  If Plaintiff is able to prove that the infringement

was willful, the court in its discretion may increase the award

of statutory damages to a sum of not more than $150,000.  <u>See</u> <u>id.</u>

§ 504(c)(2).  Courts have wide discretion in determining the

amount of statutory damages within the allowable range.  <u>See</u>

<u>Columbia Pictures Television, Inc. v. Krypton Broad. of</u>

<u>Birmingham, Inc.</u>, 259 F.3d 1186, 1194 (9th Cir. 2001).  The court

should consider what is just in the particular case in light of

the nature of the copyright, the circumstances of the

infringement, and other relevant circumstances.  <u>Los Angeles News</u>

<u>Serv. v. Reuters Television Int'l, Ltd.</u>, 149 F.3d 987, 996 (9th

Cir. 1998).

Here, Plaintiff has adequately pled a claim for

copyright infringement, and it is therefore entitled to statutory

damages.  Because Plaintiff has established that Defendant

infringed the copyrights of five of its designs, Plaintiff is entitled to a minimum of $3,750 and a maximum of $150,000 in statutory damages under Section 504(c)(1).  However, Plaintiff requests an enhanced damages award under Section 504(c)(2) asserting that Defendant's infringement was committed wilfully. Compl. ¶¶ 14, 27, 40, 53, 66.  An infringement is willful under the Copyright Act if the defendant had knowledge that his conduct was infringing, or the defendant acted with reckless disregard for the copyright holder's rights.  Sega Enterprises v. MAPHIA, 948 F.Supp. 923, 936 (N.D. Cal. 1996).  Plaintiff asserts that Defendant was previously sent a letter about his infringing activities in March 2010, and his continued infringement after that date is evidence of wilfulness.  ECF No. 12 at 3-10.  The Court finds that the letter sent in March 2010 is insufficient to demonstrate wilfulness for all of Defendant's acts of infringement.  The March 2010 letter only addressed Plaintiff's Vintage Ceres Design and did not address the other four Copyrighted Designs that are at issue in this action.  See Ex. F to Compl.  Plaintiff did not send a letter to Defendant regarding the other four Copyrighted Designs until April 2013.  The March 2010 letter regarding one specific design does not provide sufficient basis for a finding of wilfulness as to all of Defendant's infringing activities.  Plaintiff has not presented any evidence from which the Court could infer that Defendant had

12

knowledge that his conduct regarding those other four Copyrighted Designs was infringing, or that Defendant acted with reckless disregard for Plaintiff's rights.  The Court finds that Plaintiff has failed to meet its burden of proof that the infringement was committed wilfully as to Plaintiff's other four Copyrighted Designs.

As to the Vintage Ceres Design, the Court finds that Plaintiff has established that Defendant's infringement was willful based on the allegations that Defendant continued to manufacture, distribute, and sell clothing bearing a design substantially similar to the Vintage Ceres Design after Plaintiff notified Defendant of its infringement in March 2010.  Plaintiff is entitled to $150,000 in statutory damages for Defendant's wilful infringing activities related to the Vintage Ceres Design. As to the Plumeria Design, Tapa Design, Small Hibiscus Design, and Lanai Design, the Court finds that statutory damages of $120,000 is appropriate ($30,000 per design).  The Court RECOMMENDS that Plaintiff be awarded $270,000 in statutory damages under the Copyright Act.

### 2. Injunctive Relief

Plaintiff asks the Court to enter a permanent injunction against Defendant to enjoin him, his agents, servants, employees, and affiliates, and all other persons and/or entities acting in concert with him, from infringing on Plaintiff's U.S.

13

Copyright Registration Nos. VAu 602-329, VAu 960-448, VAu 503-610, VAu 497-009, and VA 1-048-372.  A plaintiff seeking a permanent injunction in a copyright infringement action must establish:

> (1) that it has suffered an irreparable injury;
>
> (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
>
> (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
>
> (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., 654 F.3d 989, 996 (9th Cir. 2011).

Plaintiff alleges that absent injunctive relief Defendant will continue to infringe on Plaintiff's Copyrighted Designs.  Compl. ¶¶ 17, 30, 43, 56, 59.  Plaintiff asserts that further irreparable harm and injury to Plaintiff are imminent as a result of Defendant's conduct, including but not limited to the loss of customers and market share, especially to the extent that the infringing items are sold to certain Hawaii garment manufacturers and retailers.  Id. ¶¶ 19, 32, 45, 48, 71.  In support of its Motion, Plaintiff submitted the declaration of its vice president, Donna Hamai, regarding the numerous complaints

14

that Plaintiff has received from its customers that business has slowed tremendously because of Defendant's sale of infringing goods.  ECF No. 12-1 ¶¶ 2, 3.  Ms. Hamai also states that bulk orders from customers have either stopped or slowed because of Defendant's sale of infringing goods.  Id. ¶ 4.  Plaintiff contends that the hardship to Defendant is minimal because Defendant would be able to continue to do business and will only be prevented from infringing on Plaintiff's Copyrighted Designs. ECF No. 12 at 22.  Finally, Plaintiff asserts that the public interest is supported by the issuance of an injunction enforcing federal copyright law.  ECF No. 12 at 22-23.

Based on Plaintiff's allegations and the declaration of Ms. Hamai, Plaintiff has shown that it is entitled to injunctive relief based on Defendant's violation of federal copyright law. See 17 U.S.C. § 502(a) (authorizing a court to grant injunctions "as it may deem reasonable to prevent or restrain infringement of a copyright"). The Court RECOMMENDS that Plaintiff be awarded a permanent injunction against Defendant.

### 3.  Order of Impoundment

Plaintiff also seeks an order requiring Defendant to deliver to the Court for impoundment all materials in his possession or control that are alleged to infringe on the Copyrighted Designs, or which may be used to infringe.  ECF No. 12 at 23-24.  The Copyright Act provides for such relief.  See 17

U.S.C. § 503(b).  The Court RECOMMENDS that the district court issue an order of impoundment.

### 4.  Order Regarding Notice to Third Parties

Plaintiff also requests that the Court issue an order directing Defendant to send written notice to each person or entity who has received from Defendant, or his agents, representatives, employees or servants, any fabric, clothing, bags, or other items that infringe on the Copyrighted Designs, said notice to (a) request each such recipient return all such items to Defendant and (b) advise each such recipient that each such item is in violation of Plaintiff's right to the Copyrighted Designs.  ECF No. 12 at 1.  However, Plaintiff does not cite any authority or provide any argument to support this requested relief in its memorandum in support of its Motion.  See id. at 18-24.  Although the Court must accept the allegations in the Complaint regarding liability as true, Plaintiff must establish the relief to which it is entitled.  See Fair Hous. of Marin, 285 F.3d at 906.  The Court finds that Plaintiff has failed to establish that it is entitled to an order directing Defendant to send written notice to each person or entity who has received any items that infringe on the Copyrighted Designs.  The Court RECOMMENDS that the district court DENY Plaintiff's request for such an order.

### 5. Attorneys' Fees and Costs

The Court has discretion to "allow the recovery of full costs by or against any party," and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  Courts consider five non-exclusive factors in determining whether to award fees:  (1) the degree of success obtained; (2) the frivolousness of the claim; (3) plaintiff's motivation in bringing its claim; (4) the objective reasonableness of defendant's arguments; and (5) the need to advance considerations of compensation and deterrence.  Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994).  Here, these factors support an award of fees and costs.  Plaintiff has achieved success on its claims; its claims were not frivolous; Defendant's failure to defend this action was unreasonable; and an award of fees and costs would further the Copyright Act's goals of compensation and deterrence.

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." Hensley, 461 U.S. at 433.  The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.

17

1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).  Here, Plaintiff requests $15,561.51 in attorneys' fees and taxes incurred in this action.  Miwa Decl. ¶ 7.

First, the Court finds that the hours requested are reasonable.  The request includes the following hours:  18.00 hours for work performed by Colin O. Miwa, Esq.; 4.00 hours for work performed by Martin E. Hsia, Esq.; 12.25 hours for work performed by Keri Ann K.S. Krzykowski, Esq.; and 22.25 hours for work performed by Megan A. Suehiro, Esq.  Miwa Decl. Ex. 1. After review of the time entries and in light of Plaintiff's counsel's own deductions, the Court finds that the hours requested are reasonable.

Second, regarding a reasonably hourly rate, Plaintiff's counsel does not provide any information regarding the attorneys' education or experience, but instead asserts that the rates charged are "fair, reasonable, and acceptable in the marketplace." Miwa Decl. ¶ 4.  Mr. Miwa was admitted to the Hawaii bar in 1981 and requests a rate of $300 and $340 per hour. Mr. Hsia was also admitted to the Hawaii bar in 1981 and requests a rate of $350 per hour.  Ms. Krzykowski was admitted to the Hawaii bar in 2007 and requests a rate of $250 per hour.  Ms. Suehiro was admitted to the Hawaii bar in 2011 and requests a rate of $195 per hour.  Based on the Court's review of the

material provided by Plaintiff's counsel and the Court's knowledge of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation, the Court finds that the hourly rates requested by Plaintiff's counsel for Ms. Krzykowski and Ms. Suehiro are excessive. The Court reduces the requested hourly rates and concludes that the following hourly rates are reasonable: Ms. Krzykowski – $175; Ms. Suehiro - $125. See, e.g., Au v. The Funding Group, Inc., No. CV 11-00541 SOM–KSC, 2013 WL 1187919, at *8 (D. Haw. Mar. 21, 2013) (adopting finding that $165 is a reasonable hourly rate for an attorney with six years of experience); Shea v. Kahuku Hous. Found., Inc., Civil No. 09-00480 LEK-RLP, 2011 WL 1261150, at *7 (D. Haw. Mar. 31, 2011) (finding that $125 per hour is reasonable for an attorney with three years experience). The Court finds that the following rates and hours are reasonable:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Colin O. Miwa | 1.50<br>16.50 | $300.00<br>$340.00 | $450.00<br>$5,610.00 |
| Martin E. Hsia | 4.00 | $350.00 | $1,400.00 |
| Keri Ann K.S. Krzykowski | 12.25 | $175.00 | $2,143.75 |
| Megan A. Suehiro | 22.25 | $125.00 | $2,781.25 |
| **SUBTOTAL** | | | **$12,385.00** |
| *Hawaii General Excise Tax* | | *4.712%* | *$583.58* |
| **TOTAL** | | | **$12,968.58** |

Finally, based on the declaration of Mr. Miwa and the

19

invoices submitted with his declaration, the Court finds that Plaintiff is entitled to an award for $2,450.27 in costs and taxes reasonably incurred in this action.  <u>See</u> ECF No. 15-1 at 7-8; ECF Nos. 15-2, 15-3, 15-4.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART as follows:

(1)  Default judgment be entered in Plaintiff's favor and against Defendant Chad Jung Kim;

(2) Plaintiff be awarded $270,000 in statutory damages under the Copyright Act.

(3) Defendant and his agents, servants, employees, and affiliates, and all persons and/or entities acting in concert with them be permanently enjoined from infringing on Plaintiff's U.S. Copyright Registration Nos. VAu 602-329, VAu 960-448, VAu 503-610, VAu 497-009, and VA 1-048-372.

(4) Defendant be ordered to deliver to the Court for impoundment all materials in his possession or control that are alleged to infringe on Plaintiff's Copyrighted Designs, or which may be used to infringe.

(5) Plaintiff's request for an order directing Defendant to send written notice to third parties who have received any infringing items be DENIED.

(6) Plaintiff be awarded $12,968.58 for attorneys' fees and taxes and $2,450.27 for costs and taxes reasonably incurred in this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 16, 2013.



_____
Richard L. Puglisi
United States Magistrate Judge

**TRENDEX FABRICS, LTD. V. CHAD JUNG KIM (dba TROPICAL GROUP), ET AL., CIVIL NO. 13-00253 LEK-RLP; AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**